IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BRIAN DAVID STREBE, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:11-cv-00469 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| R.C. MATHENA, et al., | ) | By: Norman K. Moon |
|     Defendants. | ) | United States District Judge |

Plaintiff Brian David Strebe, a Virginia inmate proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Strebe also moves to proceed *in forma pauperis* and the court grants his request. Strebe alleges that the defendants violated his constitutional rights by hindering his ability to access the courts. The court finds that Strebe's allegations are insufficient to state a claim upon which relief can be granted and, therefore, dismisses his complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.

Strebe alleges that the defendants "consistently" refuse to process and mail his legal documents, thereby denying his right to access to the courts. As an indigent inmate, Strebe is allowed a $4.40 loan each week to use for legal mailing. Strebe argues that $4.40 each week is not enough postage for him. Consequently, he claims that his mail has been delayed and he has been in fear that he would miss a filing deadline. Strebe does not allege that he has ever actually missed a filing deadline. Strebe states that he has been mailing documents to the courts in pursuit of his federal habeas petition pursuant to 28 U.S.C. § 2254. A review of records demonstrates that Strebe filed a § 2254 petition in the United States District Court for the Eastern District of Virginia in June 2010 and his petition was dismissed in February 2011. See Civil

Case No. 1:10cv00704 (E.D. Va).  Strebe appealed the dismissal and the Court of Appeals for the Fourth Circuit dismissed his appeal in August 2011.  Strebe does not state how the alleged insufficient postage has had any effect on the filings he has made up to this point, other than the stress he has experienced.  Strebe alleges that he will soon be filing a petition for writ of certiorari to the Supreme Court of the United States and that he believes that he will need more than $4.40 in postage to do so.  He does not state that he has weighed his package to the Supreme Court and that he knows it will cost more than $4.40 to mail.

## II.

Inmates have a constitutional right to reasonable access to the courts.  See Lewis v. Casey, 518 U.S. 343, 351-53 (1996); Bounds v. Smith, 430 U.S. 817, 838 (1977); Ex parte Hull, 312 U.S. 546 (1941).  The right of access to the court "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." Christopher v. Harbury, 536 U.S. 403, 415 (2002).  Thus, in order to state a constitutional claim of denial of access to the courts, a plaintiff must allege specific injury resulting from the alleged denial. See Lewis, 518 U.S. at 349 (holding that an inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure in effect at the place of incarceration in that his non-frivolous legal claim had been frustrated or was being impeded); Michau v. Charleston Co., 434 F.3d 725, 728 (4th Cir. 2006) (finding *sua sponte* dismissal appropriate where the plaintiff did not explain how he was injured by any limitations on his access to a law library).  Plaintiff must make specific allegations as to the actual injury sustained. See also Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (plaintiff failed to identify any actual injury resulting from official conduct); Strickler v. Waters, 989 F.2d 1375, 1384 (4th

Cir.1993) (Prisoner had a "basic requirement that he show specific harm or prejudice from the allegedly denied access.").

In this case, Strebe has not alleged any specific injury resulting from the defendants' denial of additional loaned postage. It appears, and Strebe does not allege to the contrary, that he has pursued his habeas petition through the federal courts without incident. Accordingly, the court finds that Strebe has not alleged a constitutional claim of denial of access to the courts and, therefore, the court dismisses his instant complaint. Further, to the extent he believes he may need more postage for his petition for writ of certiorari, his allegation is nothing more than speculative at this point.[1]

### III.

For the stated reasons, Strebe's complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and accompanying Order to plaintiff and to counsel of record for the defendant, if known.

**ENTER**: This 31st day of October, 2011.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[1] Further, to the extent he alleges that the defendants engaged in any criminal activity or took his property contrary to policy, those are matters of state law that he may be able to pursue in state court. Pursuant to 28 U.S.C. § 1367(c), this court declines to exercise supplemental jurisdiction over any state law claim that Strebe may raise.